## GEORGIA PECAN PRODUCTS CO. v. STERN GRAIN CO. (No. 6724.) *

(Court of Civil Appeals of Texas. San Antonio. March 29, 1922. Rehearing Denied April 19, 1922.)

1. Trial ☞139(1)—Where evidence sufficient for jury refusing instructed verdict not error.

Where there was sufficient evidence for the jury on issues of fact, there was no error in refusing an instructed verdict.

2. Sales ☞182(1)—Permitting jury to determine whether pecans in merchantable condition at destination not error.

Where plaintiff's testimony showed that pecans were merchantable when loaded in a tight car, and were clean and merchantable at point of shipment and defendant introduced evidence that the pecans were not sound when received, there was no error in permitting the jury to determine their condition as an issue of fact.

Appeal from District Court, Travis County; George Calhoun, Judge.

Suit by the Stern Grain Company against the Georgia Pecan Products Company. From

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error dismissed for want of jurisdiction June 7, 1922.

judgment for plaintiff, defendant appeals. Affirmed.

Chas. L. Black, of Austin, for appellant.
Brooks, Hart & Woodward, of Austin, for appellee.

COBBS, J. Suit was filed in the district court of Travis county by appellee to recover damages against appellant for breach of contract for the sale of a carload, or 30,362 pounds, of pecans, shipped from Gonzales, Tex., to Baconton, Ga., at the price of 17½ cents per pound f. o. b. at Gonzales.

Appellant refused to accept the same at Baconton, Ga., and appellee was compelled to sell the same at 14½ cents per pound, less the freight and war tax charge on the shipment. which amounted to $508.17. It is alleged that appellant agreed to pay said sums, and by reason of the breach of the contract appellee was damaged in the sum of $1,419.-05, being the difference between the contract price and the actual selling price, amounting to $910.86, and the freight and war tax of $508.17.

It is the contention of appellant that the pecans were to be sold with the right of inspection at Baconton, Ga., on their arrival, and that they were to be sound, mature, and of good stock and merchantable quality, suitable for sale and consumption, and that the pecans when they arrived in Baconton, Ga., were not of good stock, and were not sound, and were not mature, and were not of merchantable quality, and were not suitable for sale or for consumption.

It is the contention of appellee that they were not so sold, but the inspection should be at Gonzales, when delivered to the carrier, the agent of appellant, and there was to be no further inspection. Thereafter, at the request of appellant, on the arrival of the pecans at Baconton, Ga., appellee consented for the appellant to inspect the same.

Upon the soundness and merchantable quality of the pecans, and as to whether they came up to the contract of sale, the issue of fact was sharply drawn and there was proof pro and con. The case was tried by a jury, and the issues submitted and answers of the jury are as follows:

"Question No. 1: Were the pecans, when loaded into the car at Gonzales, Texas, in a sound and merchantable condition? Answer: Yes.

"Question No. 2: Were the pecans which were shipped by the plaintiff in a sound and merchantable condition at the time they were inspected by the defendant at Baconton, Ga.? Answer: Yes.

"Question No. 3: What was the reasonable market value per pound in carload lots at Baconton, Ga., of the pecans which were shipped by the plaintiff to the defendant at the time they were rejected by the defendant at Baconton, Ga.? Answer: Fourteen and one-half cents per pound.

"In connection with these special issues, the court charged the jury that the burden of proof was upon the plaintiff to show by a preponderance of the evidence that the pecans shipped were in a sound and merchantable condition, and further instructed the jury as follows: 'It was contemplated under the contract sued upon in this case by the parties to said contract that the pecans contracted for should be in a sound and merchantable condition at the time they were to be delivered to the defendant at Baconton, Ga.'"

Upon the return of their verdict, the judgment of the court was for $1,419.05, with interest from November 27, 1919.

The testimony of no witness for appellant was taken orally before the jury, so that they and the court would have had the privilege of observing them, weighing their interest and manner of testifying, but all was taken by their deposition, whereas that introduced by appellee was by oral testimony. It was within the power of the jury, in this case, to disregard the testimony of appellant's witnesses, as they did, or believe the testimony of appellee's witnesses, as they did. The testimony supports the findings, and, unless some error of law has been committed, the judgment must be affirmed.

[1, 2] The court did not err, as complained of, in refusing to give appellant's request for an instructed verdict in its favor because there was sufficient evidence to go to the jury on the issues of fact. Nor erred in permitting the jury to determine as an issue of fact whether the pecans were in a sound and merchantable condition at Baconton, Ga.

The appellee's testimony showed that the pecans were clean, dry, and merchantable when loaded on the car at Gonzales, loaded in a tight car, in which no dirt or water could get to them, and were clean and free from dirt, and otherwise sound and merchantable when placed in the car, so that their condition when shipped was so greatly in contrast with the proof offered by appellant that it became a material issue for the jury to reconcile, as to what their condition would be on their arrival at the point of destination in Georgia. Furthermore, in answering the second issue, their verdict is not contrary to the undisputed evidence. The jury had a right to believe the witnesses who testified as to the condition of the pecans when shipped in marked contrast as to their character as testified to by appellant's witnesses on arrival, so that it cannot be said the testimony is undisputed upon the condition of the pecans on their arrival in Georgia. Not only is the testimony disputed as to the condition of the pecans in a number of instances, but the jury had a right to disregard the testimony of appellant's witnesses and believe the appellee's. If the pecans were as appellee's witnesses testify they were when shipped and the car was in the condition as stated, the jury had a right to believe they would

have arrived at their destination as they did, at least not in the condition shown by appellant's witnesses, but as shipped. This was a jury question.

There is no material variance between the case pleaded and the evidence relied on by appellee. The original pleadings were based upon a complete sale, f. o. b. Gonzales, and the delivery of the pecans to the carrier completed the sale. By amendment appellee pleaded that by agreement of the parties appellant was given the right of inspecting the pecans at Georgia.

We have carefully read the testimony and all the errors assigned, and find no reversible error, and the judgment of the trial court is affirmed.